IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WANDA THOMAS,                          )    CIVIL NO. 12-00535 LEK-KSC
                                       )
            Plaintiff,                 )
                                       )
    vs.                                )
                                       )
JOHN McHUGH, SECRETARY,                )
DEPARTMENT OF THE ARMY,                )
                                       )
            Defendant.                 )
_____)


## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 5, 2014, Defendant John McHugh, Secretary,

Department of the Army ("Defendant"), filed his Motion for

Summary Judgment ("Motion"). [Dkt. no. 14.] Plaintiff

Wanda Thomas ("Thomas") filed her memorandum in opposition on

May 29, 2014,[1] and Defendant filed his reply on June 2, 2014.

[Dkt. nos. 23, 24.] This matter came on for hearing on June 16,

2014. After careful consideration of the Motion, supporting and

opposing memoranda, and the arguments of counsel, Defendant's

Motion is HEREBY GRANTED for the reasons set forth below.

_____

[1] On May 29, 2014, Thomas also filed her Point-By-Point
Response to Defendant's Concise Statement in Support of Summary
Judgment Motion ("Point-By-Point Response"); Declaration of Wanda
Thomas ("Thomas Declaration"), and Exhibits 1-12 ("Thomas
Exhibits"), attached to the Declaration of Anthony P.X. Bothwell
("Bothwell Declaration"). [Dkt. nos. 23-1, 23-3 to 23-15.] On
June 24, 2014, the Court issued an order ("6/24/14 Order")
striking these documents, as well as limiting the use of the
section of Thomas's memorandum in opposition, titled,
"Plaintiff's Concise Statement of Material Facts" ("Thomas CSOF
Section").

## BACKGROUND

The procedural facts of this case, which was severed from <u>Banks et al. v. McHugh et al.</u>, CV 11-00798 LEK-KSC ("<u>Banks</u>"), on September 28, 2012,[2] are set forth in this Court's order, issued on June 30, 2014, in <u>Banks</u>, Granting Defendant's Motion for Dismissal or Summary Judgment on Plaintiff Alison Beavers' Claims ("Beavers Order"). [<u>Banks</u>, dkt. no. 112.] The Complaint from that case was re-filed in this case. [Dkt. no. 1.]

Thomas, who is African American, was a manager in charge of administrative staff from July 2004 to November 2005, and worked under Lieutenant Colonel David R. Petray ("LTC Petray"), who identifies as Native American. She alleges that she was subjected to a racially hostile work environment. She further alleges that, after LTC Petray learned in June 2005 that Thomas planned to file an Equal Employment Opportunity ("EEO") complaint, LTC Petray: denied Thomas overtime and workers' compensation requests; issued her an unjustified disciplinary counseling memorandum; suspended her hiring authority; and demoted her from Supervising Management Analyst to Management Analyst. Subsequently, the Army allegedly fired

---

[2] On September 28, 2012, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Sever Plaintiffs' Claims ("9/28/12 Order"). The 9/28/12 Order is also available at 2012 WL 4715162.

Thomas without good cause.  [Complaint at ¶¶ 88–91.]

Thomas alleges the following claims: discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-1, *et seq*. ("Count I"); and retaliation in violation of Title VII ("Count II").[3]  She seeks the following relief: compensatory damages; removal of derogatory material from her personnel file; disciplinary measures against the officers, managers, and supervisors named in the Complaint; attorneys' fees; and all other appropriate relief.  [Id. at pgs. 19-20.]

## DISCUSSION

## I.  Exhaustion under Title VII

As a threshold matter, Defendant argues that Thomas has failed to exhaust her administrative remedies by not following Title VII's filing guidelines, and thus the Court should dismiss the Complaint in its entirety.

The Ninth Circuit has explained the administrative and court deadlines for filing a Title VII complaint:

> To exhaust administrative remedies, the aggrieved
> federal employee must first attempt to resolve the
> matter by filing an informal complaint that
> triggers counseling by an [Equal Employment
> Opportunity Commission ("EEOC")] Counselor.  29

---

[3] The Court dismissed Thomas's third claim, for discrimination and retaliation in violation of the Equal Protection Clause of the Fifth Amendment ("Count III"), in the 9/28/12 Order, reasoning that it was preempted by Title VII. 2012 WL 4715162, at *6.

C.F.R. § 1614.105(a).  If an informal resolution
is not achieved, the employee must then file a
formal complaint for decision by an ALJ.  See id.
§§ 1614.105(d), 1614.106.  The employee may file a
civil action in federal district court within 90
days of receiving notice of final agency action on
the employee's formal complaint by the ALJ, or
after 180 days from the filing of the complaint if
no final action has been taken by that time.  42
U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b).

An employee has the option of filing an
administrative appeal of an ALJ's decision, but
such an appeal is not necessary for exhaustion of
administrative remedies.  If either party files an
administrative appeal, Title VII authorizes the
employee to file suit in federal district court
within 90 days of receiving notice of final agency
action on the appeal or after 180 days from the
filing of the appeal if no final agency action has
been taken by that time.  See 42 U.S.C.
§ 2000e-16(c).  An implementing regulation
provides: "A complainant who has filed an
individual complaint . . . is authorized under
title VII, the ADEA and the Rehabilitation Act to
file a civil action in an appropriate United
States District Court . . . (d) After 180 days
from the date of filing an appeal with the
Commission if there has been no final decision by
the Commission."  29 C.F.R. § 1614.407.

Bullock v. Berrien, 688 F.3d 613, 616 (9th Cir. 2012)

(alterations in Bullock).  While timely filing is "not a

jurisdictional prerequisite to suit in federal court," it is a

necessary requirement, "subject to waiver, estoppel and equitable

tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393

(1982).  The Supreme Court has held that "[i]n the context of a

request to alter the timely filing requirements of Title VII,

. . . 'strict adherence to the procedural requirements specified

by the legislature is the best guarantee of evenhanded

4

administration of the law.'"  Nat'l R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v.

Silver, 447 U.S. 807, 826, 100 S. Ct. 2486, 65 L. Ed. 2d 532

(1980)).

Thomas filed her Formal Complaint of Discrimination

with the EEOC on October 19, 2005 ("EEO Complaint").  [Def.'s

Concise Statement in Support of Def.'s Motion for Summary

Judgment, filed 3/5/14 (dkt. no. 15) ("Def.'s CSOF"), Decl. of

Annette Perry ("Perry Decl."), Exh. 16 (EEO Complaint).]  In it,

she alleged the following instances of harassment, as summarized

in the final agency decision ("Final Decision"):

> (1) a June 29, 2005, e-mail from Lieutenant
> Colonel [LTC] David R. Petray (Native American
> [Cherokee], white, male), your client's
> supervisor, stating she would be counseled if he
> had any of her personnel actions while she was on
> a temporary duty (TDY); (2) counseling memoranda,
> dated July 25, 2005, and August 12, 2005;
> (3) disrespect, circumvention of supervisory
> authority, and removal of your client's selection
> and hiring authority on or about August 12, 2005;
> (4) denial of August 29-30, 2005, overtime
> requests; (5) LTC's [sic] Petray's declination to
> sign your client's "stress claim form" on
> September 7, 2005; and (6) demotion from
> Supervisory Management Analyst, GS-343-12, to
> Management Analyst, GS-343-09, effective
> October 2, 2005.

[Id., Perry Decl., Exh. 17 (Final Decision) at 4 (some

alterations in original).]

The Army EEO office issued its Final Decision on

August 10, 2011, and Thomas received it on August 17, 2011.

5

[Id., Exhs. 17, 18 (Thomas's Notice of Appeal) at 1.] Thomas

filed her appeal of the Final Decision on September 15, 2011.[4]

[Id., Exh. 18.] Thus, Title VII required that she file her

complaint in the district court less than ninety days after

August 17, 2011, or that she wait until after 180 days after

September 15, 2011. See 42 U.S.C. § 2000e-16(c); 29 C.F.R.

§ 1614.407(a)-(b). However, Thomas filed the Complaint on

December 30, 2011 – more than ninety days after receipt of the

Final Decision, but less than 180 days after filing her appeal.

The parties concede, and the Court agrees, that the

issue of whether this constitutes administrative exhaustion is an

open issue in the Ninth Circuit, as recognized in Bullock v.

Berrien, 688 F.3d 613, 619 (9th Cir. 2012). In that case, the

Ninth Circuit held that the plaintiff, Bullock, exhausted her

administrative remedies under the Rehabilitation Act,[5] even

though she withdrew her optional appeal within 180 days of filing

the appeal and filed a complaint in the district court. Id. at

615-16. Bullock, however, filed in the district court within

ninety days of receipt of the final agency decision. The Ninth

Circuit expressly distinguished the issue before this Court:

---

[4] Defendant argues that Thomas filed her appeal on September 19, 2011, [Mem. in Supp. of Motion at 7 (citing the Notice of Appeal),] but that date does not appear anywhere on Thomas's Notice of Appeal.

[5] The Rehabilitation Act incorporates the exhaustion requirements of Title VII. Bullock, 688 F.3d at 615.

6

> As Bullock filed suit within 90 days of receiving
> notice of final agency action on her complaint, we
> have no occasion to decide whether an employee's
> lawsuit could proceed if the employee prematurely
> withdrew from an administrative appeal and filed
> suit **more than** 90 days after receiving notice of
> final agency action on her complaint.

Id. at 619 (emphasis in original) (citation omitted). Facing
that issue now, the Court finds that Thomas has not exhausted her
administrative remedies.

The Supreme Court has repeatedly held that Title VII
requires "strict adherence" to its procedural requirements. See
Nat'l R.R., 536 U.S. at 108 (citation and internal quotation
marks omitted). "Respectful of the legislative process that
crafted this scheme, we must give effect to the statute as
enacted, and we have repeatedly rejected suggestions that we
extend or truncate Congress' deadlines." Ledbetter v. Goodyear
Tire & Rubber Co., Inc., 550 U.S. 618, 630 (2007) (citations and
internal quotation marks omitted). Allowing Thomas to proceed
with her claims after she let the ninety-day filing deadline
lapse would provide an easy and obvious end-run around the
ninety-day requirement, essentially extending Congress's
deadlines. See id. This would erode the ninety-day deadline
insofar as any appellant, undecided of whether or not to incur
the additional fee and work of filing in the district court,
could file the two-page EEOC appeal, and buy time beyond the
ninety days before dropping the appeal. Thus, the Court finds

that, once she decided to take the appeal and she let the ninety-day filing deadline lapse, the law required Thomas to see her appeal through to a decision or at least wait 180 days.[6] Therefore, it finds that Thomas did not timely file her Complaint.

Thomas does not dispute that the Complaint was untimely, but instead argues that she does not agree with the statutory scheme, and that exhaustion would be futile. As to the first point, this Court will not override the legislative process, see Ledbetter, 550 U.S. at 630, especially since Thomas has not given the Court any concrete reason to do so here. As to the second point, as discussed in the Beavers Order, the Court questions whether a futility defense exists in the Title VII context. See Beavers Order at 9 (quoting You v. Longs Drugs Stores Cal., LLC, 937 F. Supp. 2d 1237, 1250-51 (D. Hawai`i 2013)). Thomas makes the same showing of futility that the Court rejected in the Beavers Order, and thus the Court rejects that argument here too. See id. The Court finds that, even viewed in the light most favorable to Thomas, there is no genuine issue of material fact as to the issue of whether exhaustion would have

---

[6] Arguably, any agency appeal has the effect of making an end-run around the ninety-day deadline. However, waiting 180 days and then appealing to the district court is entirely consistent with Congress's deadlines, and this Court does not question those deadlines here.

been futile.[7]  See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).  Since the Complaint was untimely and exhaustion was not futile, the Court GRANTS the Motion insofar as it concludes that Thomas failed to exhaust her administrative remedies.  See Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[8]

## II.  **Substantive Title VII Claims**

Although the Court grants summary judgment for failure to exhaust, for completeness, it considers Thomas's substantive

---

[7] Although Defendant has titled the Motion as a motion for summary judgment, he argues for dismissal for failure to exhaust. See, i.e., Mem. in Supp. of Motion at 5 ("The Court Should Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies").  As in the Beavers Order, the Court treats the exhaustion part of the Motion as a motion for summary judgment because the Court's analysis considers the Bothwell Declaration, which is evidence outside of the Complaint.  See Fed. R. Civ. P. 56(d); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 n.6 (9th Cir. 2010) (when materials are considered outside of the complaint the "motion should be converted into one for summary judgment").

[8] The Court also finds that, even if she did meet the filing requirements for the Complaint, Thomas did not exhaust her remedies as to her termination claim.  Since she did not raise it in her EEO Complaint, see Final Decision at 4, and it was not addressed by the EEOC investigation, Thomas's termination claim has not been exhausted.  See Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006) (court review extends "over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination").

claims.

Thomas alleges, in Count I, that she suffered discrimination in violation of Title VII. The Beavers Order sets forth the applicable framework for Title VII claims, as well as the burdens of proof and standards for proving discrimination. See Beavers Order at 12-15. The Court incorporates that discussion into this order by reference.

A.  **Discrimination**

It is plaintiff's burden to prove discrete acts of discrimination or a hostile work environment. See Nat'l R.R., 536 U.S. at 114 (distinguishing between claims of discrete acts and claims of a hostile work environment); McDonnell Douglas v. Green, 411 U.S. 792 (1973) (articulating burden-shifting test). Insofar as the Court has stricken Thomas's Point-By-Point Response, the Thomas Declaration, and the Thomas Exhibits, see supra n.1, Thomas fails to provide any evidence of discrete acts of discrimination or a hostile work environment.

Further, Defendant has offered evidence that there is no genuine issue of material fact as to discrimination, hostile work environment, and Defendant's legitimate, non-discriminatory justifications for LTC Petray's and the Army's actions. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to

10

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

Defendant offers ample evidence that any conflict between Thomas and LTC Petray was a result of work-performance and personal issues, and not of racial hostility.  See <u>Phillips v. Mabus</u>, Civil No. 12-00384 LEK-RLP, 2013 WL 4662960, at *19 (D. Hawai`i Aug. 29, 2013) ("a plaintiff 'cannot turn a personal feud into a sex [or race] discrimination case'" (alteration in <u>Phillips</u>) (quoting <u>Succar v. Dade Cnty. Sch. Bd.</u>, 229 F.3d 1343, 1345 (11th Cir. 2000)).

Although LTC Petray hired Thomas and initially supported her, in late 2004, when she was accused of lying about the progress of a reorganization project, he "lost confidence" in her upon learning, in early 2005, that she had been dishonest with him regarding other projects.  [Def.'s CSOF at ¶¶ 2, 4-5.] In the spring of 2005, subordinates filed complaints against Thomas, and she failed to complete reviews of several employees under her supervision.  [<u>Id.</u> at ¶¶ 6-7.]  Accordingly, on May 19, 2005, LTC Petray advised Thomas orally during a midterm counseling session that she was not performing at an acceptable level.  [<u>Id.</u> at ¶ 8.]  Around that time, colleagues and a former employee accused Thomas of falsifying overtime and compensatory hours on timecards.  [<u>Id.</u> at ¶ 9.]

Then, in June 2005, while Thomas was on leave – that LTC Petray only begrudgingly granted due to Thomas's failure to complete her duties in a timely manner – other uncompleted responsibilities arose, and LTC Petray threatened to counsel Thomas if he was forced to address them. [Id. at ¶¶ 11-13; Perry Decl., Exh. 8 (warning email).] He counseled her in writing on July 25, 2005, and also advised all branch chiefs that they would need his final approval for new personnel selections. [Perry Decl., Exhs. 9 (performance counseling memorandum), 10 (memorandum regarding final personnel approval).]

Contrary to the new requirement, on August 11, 2005, Thomas made an offer to a prospective hire without LTC Petray's approval and, subsequently, LTC Petray revoked Thomas's power to make hiring decisions. [Def.'s CSOF at ¶¶ 16; Perry Decl., Exh. 11 (email regarding improper hire).] On the following day, LTC Petray counseled Thomas in writing regarding various performance issues. [Perry Decl., Exh. 12 (counseling statement).] Later that month, he denied approval for overtime requests, which Thomas took without prior authorization, as required by policy. [Def.'s CSOF ¶ 18; Perry Decl., Exh. 13 (email denying OT request).]

In September 2005, LTC Petray did not immediately sign a workers' compensation claim from Thomas, and instead sought guidance since he thought it was invalid; later, he signed the

request and explained the reasons for his concern. [Def.'s CSOF ¶ 19.] LTC Petray scheduled a meeting with Thomas to notify her of the termination of her supervisory probation period and demotion, due to unsatisfactory performance. [Perry Decl., Exh. 14 (Notice of Termination).] However, Thomas went on sick leave and did not return. [Def.'s CSOF at ¶ 20.] The Army terminated Thomas for failure to report for duty. [Perry Decl., Exh. 15 (Notice of Decision on Proposed Removal).]

The record does not provide any "'inference of unlawful discrimination,'" see E.E.O.C. v. Boeing Co., 577 F.3d 1044, 1049 (9th Cir. 2009) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)), or proof that the "'workplace [was] permeated with discriminatory intimidation, ridicule, and insult, . . . sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" see Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1034 (9th Cir. 2005) (some citations omitted) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). Thus, even if Thomas had exhausted her administrative remedies, Defendant would be entitled to summary judgment on Count I.

The result is the same, even if the Court were to consider Thomas's improperly offered circumstantial evidence.[9] See 6/24/14 Order. At best, Thomas presents evidence that: (1) LTC Petray at times was curt with Thomas; [Thomas Decl. at ¶¶ 7;] (2) Thomas subjectively felt some feelings of racism; [id. at ¶¶ 5-10;] (3) Thomas inherited from her predecessor some of the personnel issues that LTC Petray blamed her for; [id. at ¶¶ 11, 13;] (4) LTC Petray was unfair to subordinates and took credit for their accomplishments; [id. at ¶¶ 14-15, 18-19, 21, 23-24;] (5) Thomas disagreed with the allegations raised in her counselings; [id. at 16; Bothwell Decl., Exh. 6 (Thomas's excerpts of Fact Finding Conference ("FFC") Trans. ("Thomas FFC Excerpts")) at 47-48;] and (6) workplace tension with LTC Petray affected Thomas's health [Thomas Decl. at ¶ 22; Bothwell Decl., Exh. 12 (3/13/06 letter from Brenda Andrieu, Ph.D.)].

Although the Court acknowledges the seriousness of workplace stress, and the tense relationship between Thomas and her supervisor, Thomas presents no evidence that Defendant violated Title VII. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (holding that Title VII is not "a

---

[9] Even if the Court considered all of Thomas's evidence, it would still not include the exhibits which purport to be declarations or statements of support but are not affirmed under penalty of perjury. See, e.g., Bothwell Decl., Exhs. 5 (August 1, 2005 support letter of Sherrie Woods), 11 (statement of Michelle A. DeRaps).

14

general civility code for the American workplace"). Even considering all of the evidence in the light most favorable to Thomas, she fails to raise a genuine issue of material fact as to discrimination. Even if she had exhausted her administrative remedies, this would provide sufficient ground for the Court to grant the Motion as to Count I.

B. **Retaliation**

The Court again incorporates by reference the legal standards for retaliation from the Beavers Order. <u>See</u> Beavers Order at 22-24. To make a prima facie case for retaliation, Thomas must show that: (1) she engaged in a protected activity; (2) she was subsequently subjected to an adverse employment action; and (3) a causal link exists between the two. <u>See</u> <u>Hardage v. CBS Broad., Inc.</u>, 427 F.3d 1177, 1188 (9th Cir. 2005).

Thomas alleges that "Petray took several unwarranted adverse employment actions against THOMAS after he learned in June 2005 that she was going to file an EEO complaint." [Complaint at ¶ 90.] However, Thomas does not provide citation to, and the Court cannot find in the record (including in Thomas's filings), evidence that Thomas either planned to or made an EEO complaint or informed LTC Petray regarding any EEO contact, before she filed her actual EEO Complaint on October 19, 2005.

The only reference to her alleged EEO contact comes from the EEO Complaint, where Thomas provides that she made initial contact with an EEO official "on/or about 30 Aug 05, 8 Aug 05, 30 Jun 05." [Id.] However, in her more than four-page explanation of how she was "discriminated against," Thomas does not mention the June contact, or provide any evidence that LTC Petray was aware of the contact. In her memorandum in opposition, Thomas does not address Defendant's arguments that Thomas did not engage in protected activity and, even if she had, LTC Petray was not aware of the activity and there is no causal nexus between the activity, and any action taken by LTC Petray. See Mem. in Supp. of Motion at 13-16; Reply at 12.

On the last point, Defendant argues that "[a]n employer is not required to stop a previously planned adverse employment action" if he learns of a potential EEO complaint. [Mem. in Supp. of Motion at 15.] LTC Petray had received complaints about Thomas, given her a counseling in May, and stated that she was "not performing at an acceptable supervisory level." [Def.'s CSOF at ¶¶ 5-8.] Even if he had learned that Thomas had made contact with an EEO counselor in June, LTC Petray "'is not guilty of unlawful retaliation simply because [he] proceed[ed] with the implementation'" of her probationary performance standards, and ultimately demoted her. See Cheeks v. Gen. Dynamics, No. CV-12-01543-PHX-JAT, 2014 WL 2048058, at *16 (D. Ariz. May 19,

16

2014) (quoting <u>Cohen v. Fred Meyer, Inc.</u>, 686 F.2d 793, 797 (9th Cir. 1982), and finding no retaliation).  Since Thomas has failed to provide any evidence of protected activity, or that LTC Petray knew of that activity, and Defendant has provided legitimate, non-discriminatory justifications for those activities, summary judgment on Count II is also warranted.  <u>See, e.g.</u>, <u>Klat v. Mitchell Repair Info. Co.</u>, 528 F. App'x. 733 (9th Cir.), *cert. dismissed*, 134 S. Ct. 625 (2013).[10]

## III. <u>Summary</u>

The Court FINDS that there is no genuine issue of material fact that Thomas has not exhausted her administrative remedies under Title VII and, therefore, GRANTS the Motion for summary judgment as to Thomas's entire Complaint.  Even if she had exhausted her administrative remedies, Thomas was not discriminated against or retaliated against by Defendant within the meaning of Title VII.  The Court reaches this conclusion because Thomas has failed to rebut Defendant's CSOF or assert her own undisputed facts.  Even if the Court considered all of the evidence that Thomas improperly included, Thomas has failed to raise any genuine issue of material fact, and thus summary judgment is warranted.

---

[10] Summary judgment would be appropriate even if the Court were to assume that Defendant did make formal contact with an EEO counselor on June 30, 2005, since Thomas provides no evidence LTC Petray knew of her contact or that he acted upon that knowledge.

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Summary Judgment, filed March 5, 2014, is HEREBY GRANTED in its entirety. The Clerk's Office is HEREBY DIRECTED to close this case on July 21, 2014, unless Thomas files a motion for reconsideration.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2014.



       /s/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States District Judge

**WANDA THOMAS VS. JOHN MCHUGH, ETC.**; CIVIL NO. 12-00535 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT